Filed 4/12/16  P. v. Penoli CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MARK WILLIAM PENOLI,<br><br>        Defendant and Appellant. | A146726<br><br>(Sonoma County<br>Super. Ct. No. SCR656228) |

In this matter, appellant appeals his convictions after a bench trial.  His appellate counsel has reviewed the record in this case and she has concluded the appeal should proceed based on *People v. Wende* (1979) 25 Cal.3d 436.  We are asked to conduct an independent review of the record in this case.  Counsel has advised appellant of her decision in this regard and told her client he may chose to file a supplemental brief with this court addressing issues of his concern.  She advised appellant he should file such materials within 30 days of her notification.  We have not received from appellant any supplemental brief.  We have conducted our review of the record and determined the appeal presents no valid legal issue which would cause us to overturn the judgment in this case.  We therefore affirm the judgment.

## STATEMENT OF THE CASE

The District Attorney of Sonoma County filed an information in this matter on November 4, 2014.  Appellant was charged in count 1 with a felony violation of Penal

Code[1] section 245, subdivision (a)(4) (assault by means of force likely to produce great bodily injury). Count 2 alleged a felony violation of section 273.5, subdivision (f)(1) (willful infliction of corporal injury resulting in a traumatic condition on a person with whom defendant is in a dating relationship, within seven years of a prior conviction under § 273.5, subd. (a)). The information also alleged four prior prison convictions pursuant to section 667.5, subdivision (b) and one prior strike pursuant to section 1170.12. Both sides waived their right to a jury trial, the appellant agreeing to be tried by the court.

After the presentation of evidence by both sides and argument by trial counsel, the court recessed and reviewed the evidence. The court then found appellant guilty as charged. Trial on the validity of the priors was bifurcated from the trial on the crimes charged in the information.

On June 17, 2015, appellant admitted the prior convictions alleged in the information.

Appellant made a motion to strike the prior convictions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 531 (*Romero*). He relied on a neuropsychological evaluation that indicated appellant had an IQ of 69 after a history of sustaining traumatic head injuries. He also moved for a new trial. The court denied each motion.

On October 22, 2015, appellant was sentenced to state prison for a total term of 12 years. The court imposed the mid-term of four years for the violation of count 2, which was doubled by the prior strike convictions pursuant to section 1170.12. The court also sentenced appellant to a total consecutive term of four years for the four prior prison terms. (§ 667.5, subd. (b).)

Appellant filed his notice of appeal on November 6, 2015.

---

[1] Unless otherwise stated, all statutory references herein are to the Penal Code.

## STATEMENT OF FACTS

During the proceedings involving this matter, the victim was identified as "Jane Doe." She testified she had been dating appellant for a couple of months before the incidents that took place on September 15, 2014. On that date, Jane Doe met appellant at a Motel 6 in Santa Rosa after he finished his work. Jane Doe went to the motel with her 18-month-old daughter and several clothing items. She planned on spending the night with appellant. The two adults began drinking rum cocktails and brandy or whiskey and coke in the room. Jane Doe acknowledged she was affected by the alcohol. The couple watched TV and had sexual intercourse while Jane Doe's daughter slept on the motel bed. Jane Doe related the sex took place in the shower, while appellant contended they had intercourse on the bed while the child slept. All was going well for several hours.

After engaging in sex, appellant left the room to go to his Jeep. Jane Doe only had on her tank top when he left the room. Returning to the room, appellant was visibly incensed, accusing Jane Doe of cheating on him and being unfaithful. He became violent towards her, choking her as he straddled her on the bed. She experienced difficulty breathing. As he choked her, she urinated on herself. The choking went on for almost a minute. She eventually managed to knee appellant in his private parts, causing him to fall backwards. Once this happened, Jane Doe jumped off the bed, grabbed her daughter and car keys and left the room.

As Jane Doe drove from the parking lot, she opted to ram appellant's Jeep with her truck in anger. She drove directly to her father's home. Her neck was sore. She called 911 and was recorded discussing the events in the motel room. When the police came to her father's home, they saw and photographed the bruises around her neck and shoulders. Her neck was sore for several days.

The prosecution also presented testimony from Diana Emerson, a registered nurse and expert on domestic violence injuries, especially strangulation. She reviewed the

3

photographs taken of Jane Doe within a couple of hours after the assault and concluded the marks were consistent with a serious attempt to strangle the woman.

Appellant also sent several text messages to Jane Doe on the night of the attack, consisting of name-calling and telling her she should "rot in hell." The police, after meeting with Jane Doe, went to the motel, where they found and arrested appellant. He told the police he only argued with Jane Doe over her cheating but denied any physical contact with her like choking or other abusive behavior. When the police showed appellant the text messages he sent her, he replied the police should "take him to jail."

Appellant presented a defense during the bench trial. He basically corroborated Jane Doe's account of the evening until the couple began arguing a few hours into the visit. While she was in the shower after they had sex, he inspected her cell phone and noticed certain text messages from another male. This upset appellant because he believed the couple was in an exclusive dating relationship. He also saw she was buying methamphetamine from the man on the messages. As the couple only argued, Jane Doe became very upset and stormed out of the room with her child, wearing jeans and a tank top. She rammed his Jeep in anger as she drove from the motel.

The defense also presented a former boyfriend of Jane Doe, who related her dishonesty over alleged injuries she attributed to the boyfriend. She made these claims against the former boyfriend to gain custody of their child.

## DISCUSSION

We have conducted a review of the record in the trial of the case. In this case, the trial judge was actively involved in trial, ruling on several in limine motions, appointing counsel for the witness Jane Doe when questions regarding her ramming appellant's Jeep was raised, and carefully ruling on trial objections during the hearing of the case. At the end of the presentation of evidence and after argument by counsel, he recessed the proceedings for a period of time to determine whether the prosecution had established their burden in the case. When he resumed the bench after the recess, he stated his

4

findings the appellant was guilty of each count. Additionally, at all times, appellant was ably represented by trial counsel.

Based on this record, we determine there is sufficient evidence to support the trial court's determination of guilt beyond a reasonable doubt. This court must decide, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307; *People v. Johnson* (1980) 26 Cal.3d 557, 578.) Applying this standard of review to the required elements of the two guilt findings, we believe the prosecution sustained its burden.

Regarding the charge of section 245, subdivision (a)(4), the evidence establishes appellant strangled Jane Doe for a period up to a minute, causing her to nearly black out and lose her breath. The prosecution presented in evidence photographs depicting redness around her neck and other proof of bruising caused while appellant straddled her on the bed. Expert testimony was presented in which Diane Emerson concluded the photos showed serious choking, which endangered the life of Jane Doe if appellant had not been interrupted by her "kneeing" him. Jane Doe persisted with discomfort for a couple of weeks after the assault. This is a general intent crime. (*People v. Williams* (2001) 26 Cal.4th 779, 790.) On the other hand, appellant maintained he only argued with the victim and did not touch her in the motel in an aggressive fashion at all.

Concerning the section 273.5 charge, the evidence shows Jane Doe and appellant were in a dating relationship at the time of the assault. Indeed, it was appellant's view Jane Doe violated that relationship and he was angered by this. (CALCRIM No. 840.). Appellant choked the victim in this case for a period of time, preventing her from breathing; evidence of bruising of the neck was visible to responding officers. This was therefore a traumatic condition. (§ 273.5, subd. (c); CALCRIM No. 840.)

Regarding the sentencing in this case, the court imposed the middle term on count two and doubled that with the prior strike. The court properly exercised its discretion

when it denied the *Romero* motion (*Romero*, *supra*, 13 Cal.4th 497), as well as the motion for new trial.  The additional four years based on the four prior state prison sentences were valid in this case; the court exercised its discretion here.

## DISPOSITION

In summary, we therefore affirm the judgment.


_____
DONDERO, J.


We concur:


_____
HUMES, P.J.


_____
BANKE, J.